Fouché *v.* The Rome Street Railroad Co. *et al.*

An injunction having been sought to prevent a street railroad com-
pany from building its track and operating in a street of a city, on
the ground that this would damage the plaintiff's property, and it
appearing that the company did not seek to take any of plaintiff's
property, and it being doubtful whether the same would be dam-
aged or not, the evidence on that question being conflicting, it was
not an abuse of discretion to allow the defendant to dissolve a
temporary injunction against it by filing a bond, with good secu-
rity, for $5,000, conditioned to pay the plaintiff all damages that
might be recovered by him or assessed by reason of the building
and operating of the road.

January 10, 1890.

Injunction. Practice. Constitutional law. Before
Judge MADDOX. Floyd county. At chambers, May 27,
1889.

Reported in the decision.

DABNEY & FOUCHÉ, for plaintiff.

J. BRANHAM and J. F. HILLYER, for defendant.

SIMMONS, Justice.

This was an application for a temporary injunction
to prevent the street railroad company from building its
track and operating its road on a certain street in the
city of Rome, on the ground that the building and
operating thereof would damage the property of the
plaintiff. The judge granted the temporary injunction,
but authorized the street railroad company to dissolve
the injunction by giving and filing a bond with good
security, for $5,000, payable to the plaintiff, and condi-
tioned to pay him all the damages that might be recov-
ered by him or assessed for damages done the property
by reason of the building and operating of the road.
The plaintiff excepted to the order of the judge allow-
ing the injunction to be dissolved upon these terms.
The plaintiff insisted that the injunction ought to stand

until he was first paid the damages which he had sustained by the reason of the building of the road. The street railroad company did not seek to take any of the property of the plaintiff. The only question was, whether the plaintiff's property would be damaged by the building and operating of the road; and upon this question the evidence was conflicting. Where the evidence on this subject was conflicting, and it was doubtful whether the plaintiff would be damaged or not, the judge did not abuse his discretion in allowing the injunction to be dissolved upon the terms recited in his order. *Moore* v. *City of Atlanta*, 70 *Ga.* 611; *Doolittle* v. *E. T., V. & G. R'y Co.*, 80 *Ga.* 658.

*Judgment affirmed.*